IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT A. RIEDERER,

    Plaintiff,

vs.                                                           Case No. 11-CV-2456-JTM

KUTAK ROCK, L.L.P., et. al.,

    Defendants.

MEMORANDUM AND ORDER

This matter comes on defendant Kutak Rock L.L.P.'s ("Kutak Rock") Motion to Withdraw Reference and Transfer Proceedings to District Court (Dkt. No. 2). Trustee Riederer filed a Response (Dkt. No. 3). Bankruptcy Judge Somers filed a Report and Recommendation on the matter pursuant to D. Kan. R. 83.8.6 (Dkt. No. 6). The court has reviewed the motion, the various objections, supplementary briefs, and Judge Somers's recommendation. For the following reasons, the court rules the motion premature and adopts the Report and Recommendation.

Kutak Rock asserts the right to a jury trial under the Seventh Amendment to the United States Constitution on several claims involved in this bankruptcy proceeding and requests the court immediately withdraw the entire adversary case from the Bankruptcy Court.[1] Kutak Rock asserts the case is subject to *mandatory* withdrawal of reference pursuant to the second sentence of 28 U.S.C. § 157(d):

---

[1] Albert Riederer is the Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brook Investments, Inc. The instant case is one of approximately 84 separate adversary proceedings filed by the Trustee against approximately 460 defendants. In this case, Kutak Rock is one of seventeen defendants. Four defendants have also moved to withdraw the reference as to all defendants, but request that it be delayed until the case is ready for trial. Three defendants oppose withdrawal, and the remaining nine have taken no position.

>The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id*. Kutak Rock asserts that federal securities law issues are involved in the Complaint allegations, even though not expressly stated, and, therefore, withdrawal is mandatory. The Bankruptcy Court found the mandatory basis inapplicable because the Court could not yet "determine whether consideration of federal securities law will be 'substantial and material' as required for mandatory withdrawal.[2] *See In re Kuhlman Diecasting Co.*, 252 B.R. 310 (D. Kan. 1993). This court agrees.

Kutak Rock also requests "for cause" withdrawal of reference. The court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Local Rule 83.8.13(a) further provides:

>A district judge shall conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed.

In his recommendation, Judge Somers concluded there is a right to trial by jury on all counts alleged against Kutak Rock, Kutak Rock timely demanded jury trial, and Kutak Rock has not consented to the Bankruptcy Court conducting it. However, Judge Somers further recommended the decision on the withdrawal issues be deferred until the scope of the case is in sharper focus.

Even when the right to a jury trial constitutes cause for withdrawal, the court "may decline to withdraw the reference until the case is ready for trial." *In re Hardesty*, 190 B.R. 653, 656 (D. Kan. 1995). This "approach streamlines pretrial procedure and serves the interests of judicial

---

[2] In its supplemental brief, Kutak Rock acknowledges "[A]t this very early stage of the case, it appears resolution of the issues in those claims *may* require interpretation of federal securities laws in such a manner that mandatory withdrawal of the reference is necessary" (emphasis added). Dkt. No. 4 at 3.

efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity of the issues and discouraging forum shopping." *Redmond v. Hassan*, No. 07-204, 2007 WL 677611 at *1 (D. Kan. Feb. 28, 2007). Any judicial economy effectuated by withdrawing the reference at this time would be minimal, and would disturb "Congress' intent to leave questions involving the bankruptcy court's expertise within its jurisdiction to the greatest extent possible." *In re Kuhlman Diecasting*, 152 B.R. at 312. The Bankruptcy Court's decision to supplement its recommendation after all initial pleadings have been filed and motions to dismiss have been determined persuades this court that withdrawal is not appropriate at this time.

For the reasons stated above, this court adopts the Bankruptcy Judge's Report and Recommendation (Dkt. No. 6) and denies defendants' Motion to Withdraw Reference and Transfer Proceedings to District Court (Dkt. No. 2) as premature.

IT IS SO ORDERED this 3rd day of October, 2011.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE