**SO ORDERED.**

**SIGNED this 18th day of June, 2013.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| BROOKE CORPORATION, et. al., | CASE NO. 08-22786 |
| | (jointly administered) |
| DEBTORS. | CHAPTER 7 |
| | |
| CHRISTOPHER J. REDMOND, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., | |
| PLAINTIFF, | |
| v. | ADV. NO. 10-06246 |
| Kutak Rock, LLP, et. al., | |
| DEFENDANTS. | |

### SUPPLEMENTAL REPORT AND RECOMMENDATION
### TO THE DISTRICT COURT ON
### KUTAK ROCK, LLP'S MOTION TO WITHDRAW REFERENCE

Pursuant to Local Rule 83.8.6, the Court sua sponte supplements its Report and Recommendation to the District Court on Kutak Rock LLC's Motion to Withdraw Reference[1] and recommends that withdrawal of reference of this case as to all defendants and all issues be ordered immediately.

The Chapter 7 Trustee of Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. initiated this adversary proceedings against seventeen defendants by filing a Complaint on October 27, 2010, seeking to recover from those alleged to have responsibility for the failure of the Debtors.[2] The defendants included the former members of the Board of Directors of two of the Debtors, certain former officers of Debtors, three entities engaged as security underwriters for Brooke stock offerings, and Kutak Rock, a law firm engaged as prepetition counsel for Brooke.

Kutak Rock filed a timely motion for immediate withdrawal of reference of the entire case. In its Report and Recommendation to the District Court on Kutak Rock, LLP's Motion to Withdraw Reference, this Court found that Kutak Rock has a right to trial by jury, thereby establishing cause for withdrawal of reference under 28 U.S.C. § 157(c). But, because of the uncertainties of the ultimate shape of the litigation and the disparate position of the parties concerning withdrawal of reference, the Court found immediate withdrawal of reference was not appropriate and stated that it would sua

---

[1] Dkt. 145.

[2] Chapter 7 Trustee Christopher J. Redmond has been substituted for Chapter 7 Trustee Albert A. Riederer, who was the initial plaintiff.

sponte supplement its recommendation after all initial pleadings have been filed and motions to dismiss had been determined.[3] District Judge J. Thomas Marten adopted the recommendation.[4] The Court now supplements its recommendation and for the following reasons, recommends that the reference be immediately withdrawn as to all defendants and all issues.

The status of this litigation has changed materially since the Court's initial recommendation. Answers have been filed and motions to dismiss resolved. Initially there were seventeen defendants - Kutak Rock, thirteen individuals previously associated with the Debtors, and three underwriters. Of these, one, Kutak Rock, sought immediate withdrawal of reference.[5] Four former directors of Debtors sought withdrawal when the case was ready for trial.[6] The three underwriter defendants opposed immediate withdrawal. The Trustee submitted that withdrawal should be limited to only those

---

[3] Dkt. 145.

[4] Dkt. 172, *Riederer v. Kutak Rock, LLP*, Memorandum and Order, United States District Court for the District of Kansas, case no. 11-CV-2456-JTM, Oct. 3, 2011.

[5] Dkt. 50.

[6] Defendants Bryan C. Wipple, Chad S. Maxwell, Dane Devlin, and Kyle Garst also filed a motion to withdraw reference. Dkt. 54. This Court recommended that a decision on when to withdraw reference and whether the withdrawal should be as all defendants, or just those defendants moving to withdraw reference, be deferred until after this Court has sua sponte supplemented this recommendation. Dkt. 155. District Judge Julie A. Robinson adopted the recommendation and denied the motion as premature. *Reiderer v. Whipple, et. al,* Memorandum and Oder, United States District Court for the District of Kansas, case no, 11-2517- JAR, Nov.19, 2011. These defendants have been dismissed from the adversary proceeding, so the initial recommendation will not be supplemented.

Case 10-06246    Doc# 422-1    Filed 06/18/13    Page 3 of 5

defendants establishing cause pursuant to timely motions and that in any event withdrawal should be postponed until the case was ready for trial.

Now there are four active defendants, Kutak and the three underwriters, whose interests are aligned. Defendant Robert Orr, the only remaining individual defendant, has not been heard from for months. The other individual defendants have been dismissed. The issues among the remaining parties have been defined, refined, and clarified. The majority of the claims involve common law issues requiring a jury trial. The parties have not agreed that this Court can conduct a jury trial, so the case must be tried in the District Court. Withdrawal of reference is required; the only question is when it should occur.

The active defendants agree that the reference should be withdrawn at this time, and the Court agrees. At the monthly status conference held in April, Kutak Rock suggested the time to withdraw reference has arrived. The underwriters supported this position, although previously they had not agreed with Kutak Rock as to the timing of withdrawal. The Trustee's primary objections were the fact that mediation has been agreed to and there was no scheduling order. The Report of Parties' Planning Conference and a Scheduling Order have now been entered. The Court finds that since mediation can proceed whether the case in pending in this Court or the District Court, the agreement to mediate is not relevant.

The Court recommends withdrawal of reference before the case is ready for trial because of the nature of the discovery remaining. Through discovery, the parties have exchanged a great deal of information. A status conference was scheduled for the third

4

Friday of every month to assist the parties in resolving all matters that were an impediment to moving the case along in a timely manner. The parties took advantage of this opportunity, and no party filed a formal pleading asking this Court to resolve any discovery issues. But the case has now reached the stage where disputes concerning discovery of electronic records have arisen and are a barrier to trial preparation. The District Court Magistrates have more experience than this Court in dealing with such matters, and it will be more efficient for a Magistrate to deal with such issues as they arise.

The Court therefore supplements its prior report and recommends that Kutak Rock, LLP's motion for withdrawal of reference be granted.

A copy of the Report and Recommendation to the District Court on Kutak Rock LLP's Motion to Withdraw Reference,[7] the Memorandum and Order of District Judge Marten adopting the prior report,[8] the Report of Parties' Planning Conference,[9] and the Scheduling Order[10] are attached.

### ###

---

[7] Dkt. 145.

[8] Dkt. 172.

[9] Dkt. 420.

[10] Dkt. 417.